### COMMONWEALTH *vs.* CYRUS C. PATTEE.

It was a violation of Rev. Sts. *c.* 50, § 17, to allow persons to resort to one's own house for the purpose of playing at any unlawful game, although merely for amusement.

That statute having been repealed in this respect by *St.* 1853, *c.* 399, without ex-cepting cases pending, judgment must be arrested upon a conviction founded thereon.

THIS was an indictment upon Rev. Sts. *c.* 50, § 17, alleging that the defendant " did for hire, gain, and reward, permit, suffer, and allow divers persons, whose names are to the jurors unknown, to resort to a certain building there situate, of him, the said Pattee, for the purpose of playing at a certain unlaw-ful game called cards; said building being then and there ac-tually used and occupied by the said Pattee, he not being licensed as an innholder, or common victualler, or retailer of spirituous liquors, against," &c.

At the trial in the court of common pleas, January term, 1853, before *Bishop*, J., the defendant objected that the indict-ment was insufficient, as it did not allege that the game was played otherwise than as a mere amusement; but the presiding judge overruled the objection, and instructed the jury that " it

was immaterial whether such game was played for amuse-ment, or for gambling." The defendant, being convicted, alleged exceptions to said ruling and instruction.

*S. C. Bancroft,* for the defendant.

*R. Choate,* (attorney-general,) for the commonwealth.

THOMAS, J. In this case the exceptions are overruled, the indictment being sufficient, and the instructions to the jury correct, as the law then stood.

No judgment, however, can be entered. The *St.* of 1853, *c.* 399, passed since the verdict was rendered, in effect re-pealed the provisions of the Rev. Sts. *c.* 50, § 17, under which the indictment was found, so far as they relate to the keeping of "cards, billiards, bowls, quoits, and other like instruments, for amusement merely, or for any other purpose than gam-ing for money or other property." The indictment does not charge the keeping of the cards or props for the purpose o. gaming. It charges the doing of a thing unlawful when done, and when the indictment was found and the verdict returned, but not unlawful now. No exception is made in the *St.* of 1853, of cases where proceedings have already been instituted. The result is that judgment must be arrested.

*Judgment arrested.*